**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose MOLINA–TARAZON,**
**Defendant–Appellant.**

**No. 00–50171.**

United States Court of Appeals,
Ninth Circuit.

Filed April 2, 2002.

---

**808**

Shaun Khojayan, Assistant Federal Public Defender, San Diego, CA, for appellant.

Patrick O'Toole, United States Attorney, San Diego, CA, for appellee.

Before D.W. NELSON, BRUNETTI and KOZINSKI, Circuit Judges.

## ORDER

The United States seeks leave to file a Petition for Rehearing and Rehearing en Banc that is 19 pages and 5505 words long. *See* Fed. R.App. P. 35(b)(2) (limiting petitions for rehearing en banc to 15 pages); Fed. R.App. P. 40(b) (limiting petitions for rehearing to 15 pages); 9th Cir. R. 40–1 (allowing alternate length limitations of 4200 words or 390 lines of text). Counsel advises us that his original draft was 30 pages long, and the petition was "extensively reviewed by members of our Appellate Section, with the intent to reduce the length." We gather these efforts were not entirely successful. Counsel concludes: "I believe that this is as short as the petition can reasonably be and still do justice to the important and difficult issue raised in this appeal."

[1–3] Leave to file a fat brief "will be granted only upon a showing of diligence and substantial need." 9th Cir. R. 32–2. Counsel's belief that he has exhausted his ability to edit the brief is not a showing of

"diligence and substantial need." To satisfy this standard, counsel must show that the additional space is justified by something unusual about the issues presented, the record, the applicable caselaw or some other aspect of the case. Counsel has shown nothing of the sort; nor is it self-evident what this something might be. The government's proposed petition raises a single issue, based on a straightforward and compact factual record; the applicable caselaw involves a manageable handful of cases. The opinion the United States wants us to reconsider is itself only about 3500 words, and in that space deals with two issues. *See United States v. Molina-Tarazon,* 279 F.3d 709 (9th Cir.2002).

Counsel is reminded that a petition for rehearing is not a brief on the merits. It need not, and should not, repeat arguments previously made in the briefs nor rehearse facts discussed in the opinion. We have every confidence that when the United States Department of Justice applies its formidable resources to the problem, it will come up with a petition for rehearing that complies with our rules, yet presents the government's position elegantly and forcefully.

The clerk is ordered to return the nonconforming petition. If the United States chooses to file a conforming petition, it may do so no later than one week from the date of this order.